**In the Matter of Ruby Jeanette CLEMENTS, Debtor.**

**Bankruptcy No. 80–01180A.**

United States Bankruptcy Court, Atlanta Division.

Nov. 6, 1981.

John E. Sacker, Jr., Atlanta, Ga., for petitioner.

Thomas C. Jones, Jr., Atlanta, Ga., for defendant/debtor.

## ORDER

A. D. KAHN, Bankruptcy Judge.

Before the court is the motion of Chrysler Credit Corporation to alter or amend an order of this court entered on April 29, 1981. In that order this court stated:

> The court finds that the annual percentage rate agreed upon by the parties in the contract has created a presumption of the annual percentage rate to which Chrysler is entitled in a payment plan pursuant to the Code.

The court also noted that:

> There is no evidence before the court demonstrating the present value of a sum certain to be paid over a period of time other than the contract.

On July 20, 1981, this court held a hearing and heard evidence presented by Chrysler. Chrysler argued that since the debtor had rejected the contract, Chrysler was in effect refinancing a used car, and it should receive interest calculated on the basis of the Motor Vehicle Sales Finance Act of Georgia, *Ga.Code Ann.* § 96–1004. Chrysler attempted to show that if the car was financed on that basis, it would receive interest calculated at an annual percentage rate of 24.92%, rather than the annual percentage rate of 14.34% provided in the contract.

Strong and persuasive evidence is required to overcome the presumption accorded the contract rate. In the absence of such evidence the contract rate should stand.

Chrysler's evidence is not persuasive. It posits a situation in which it would finance a used car in an arms-length transaction. Such is not the case here. The debtor's car has a value less than the debt. The debtor proposes to pay Chrysler under a Chapter 13 plan. It is not an arms-length consumer transaction in which the debtor is buying and financing a used car. Chrysler is not entitled to receive the maximum allowable under Georgia law in this context.

IT IS THEREFORE ORDERED that Chrysler's motion to alter or amend the order of this court be DENIED.

IT IS FURTHER ORDERED that debtor Clements file, and serve, in accordance with this order, and the order of this court entered on April 29, 1981, a proposed amended Chapter 13 plan within ten (10) days from the date hereof.

IT IS FURTHER ORDERED that Chrysler shall have ten (10) days from the date of the filing of the aforementioned amended plan to enter any objections to confirmation of said plan. Any of Chrysler's objections not entered or renewed before the expiration of such time shall be deemed overruled.

IT IS FURTHER ORDERED that unsecured creditors of the debtor be permitted to file their objections to said proposed amended plan within ten (10) days of filing, only to the extent that said amended plan materially alters the rights of the unsecured claimants from the rights now accorded under the pending plan before this court.

IT IS SO ORDERED.